**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

UNITED STATES OF AMERICA

v.                                        NO. 2:05mj221

TERRANCE GERARD MATHIS,

    Defendant.

ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a hearing on June 23, 2005, on the United States Government's Motion to Detain the defendant.  The Court FINDS that the following facts mandate the defendant's detention pending his trial.

On June 23, 2005, a federal grand jury issued an indictment charging the defendant with: one count of conspiracy to distribute and to possess with intent to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  A presumption in favor of detention applies in this case because the first offense involves violations of the Controlled Substances Act, 21 U.S.C. §§ 801-864, with a maximum prison term of ten years or more.  See 18 U.S.C. § 3142(e).  The defendant is also subject to criminal forfeiture pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982.

Both parties proceeded by proffer of evidence and offered

argument. The Court, having taken into consideration the proffers of counsel, the pretrial services report, the criminal complaint of May 23, 2005 and affidavit in support, and the statutory presumption in favor of detention, FINDS by clear and convincing evidence that the defendant is a danger to the community and by a preponderance of the evidence that he represents a risk of flight. The Court further FINDS that there is no condition or combination of conditions that will reasonably assure the safety of the community and the defendant's appearance for future proceedings.

The Government's evidence indicates that the defendant was an organizer and leader of a sophisticated mutli-state cocaine trafficking conspiracy from May 2000 to May 2005. The Court notes that the defendant did proffer evidence to rebut the statutory presumption in favor of detention, but that presumption still remains a factor to be considered by the Court in evaluating whether the defendant should be detained. United States v. Jessup, 757 F.2d 378, 381 (1st Cir. 1985).

The Court considered the nature and seriousness of the charges faced by the defendant. If convicted on evidence beyond a reasonable doubt at trial, the defendant faces up to life in prison and up to a four million dollar fine on the more serious drug conspiracy charge. The defendant also faces up to twenty years in prison on the money laundering conspiracy charge.

With regard to the weight of the evidence against the

defendant, the Government has proffered detailed evidence of the defendant's involvement and leadership of the conspiracy. At least six individuals have testified or are prepared to testify about the defendant's role in the conspiracy.

The Court next considered the personal history and characteristics of the defendant. The defendant was apparently a long-time resident of the Hampton Roads area prior to his reported move to Houston, Texas. The defendant continues to have ties to this community, although he reported that he has an infant child residing in Houston, Texas with the infant's mother. The Court notes that the defendant's grandparents, who have offered to serve as third-party custodians, were present in the courtroom for the hearing. The defendant does not have a significant employment history. Although he reported self-employment installing drywall for the past five years, Virginia Employment Commission records indicate that the defendant has no reportable income from the fourth quarter of 1999 to the fourth quarter of 2004. The defendant reported earning approximately $1,400 monthly from his self-employment and paying approximately $300 in monthly child support and $200 in monthly living expenses to his grandmother.

The defendant's criminal record includes felony possession of cocaine and misdemeanor possession of marijuana. In addition, the defendant has a failure to appear warrant outstanding for a 2003 possession of marijuana charge in Clayton, Georgia, his probation

for his felony conviction was revoked once in 2002, and a June 11, 2004 capias warrant remains outstanding for a probation revocation hearing. In addition, the defendant was on bond for a charge of failure to obey a police officer in Mobile, Alabama when he was arrested.

The Court considers the defendant to pose a danger to the community due to his apparent involvement in the distribution of drugs. The Court notes that the cost of having to defend against the charges facing him provides the defendant with an incentive to continue dealing drugs if released. See <u>United States v. Williams</u>, 753 F.2d 329, 335 (4th Cir. 1985) (noting that, due to the nature of the charges, the potential for pretrial recidivism exists in accused drug dealers).

The Court also considers the defendant to be a risk of flight despite his significant ties to the community. Without suggesting a finding as to guilt or innocence, the Court notes that the Government has proffered detailed evidence of the crimes alleged. If convicted at trial upon evidence beyond a reasonable doubt, the defendant faces up to life in prison and a substantial fine on the more substantial drug conspiracy charge. When combined with the weight of the evidence, the penalties faced by the defendant provide him with an incentive to flee if released. The Court notes the defendant's ties to Houston, Texas, his travel, and his outstanding failure to appear and capias warrants. Accordingly,

4

the Court concludes that the defendant poses a risk of flight.

In view of the facts as set forth above, the Court FINDS by clear and convincing evidence that the defendant represents a danger to the community and by a preponderance of the evidence that he represents a risk of flight. The Court further FINDS that no condition or combination of conditions will reasonably assure the safety of the community or the appearance of the defendant. The Court notes the good intentions of the defendant's grandparents, who have offered to serve as third-party custodians for the defendant pending trial. However, given the substantial penalties the defendant faces, the Court doubts that even the most severe terms and conditions could secure his future appearance. The Court also doubts that the community could be adequately protected given the extent of the defendant's apparent involvement in the drug trade.

The Court, therefore, ORDERS the defendant DETAINED pending his trial. See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS the defendant committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate,

to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for the defendant. ENTERED this 24th day of June, 2005.

/s/
F. Bradford Stillman
United States Magistrate Judge